JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Laborers' District Council Construction Industry Pension Fund, et al.

## DEFENDANTS

St. Clair Concrete Co., Inc., St. Clair Concrete Company, LLC, St. Clair Construction Group, LLC, Michael St. Clair and Jacqueline St. Clair

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question *(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☒ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ERISA, 29 U.S.C. Sections 185(a), 1132 and 1145

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*   JUDGE _____   DOCKET NUMBER _____

DATE   3|28|17

SIGNATURE OF ATTORNEY OF RECORD   *Nancy Lobel*

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1361 Ridge Avenue, Philadelphia, PA 19123

Address of Defendant: 4387 Swamp Rd., Doylestown, PA 19082; (See attached List of other 4 Defendants' Addresses)

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Nancy L. Goldstein, Esquire _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: March 28, 2017 _____   *[signature]*   40019
                                        Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: March 28, 2017 _____   *[signature]*   40019
                                        Attorney-at-Law           Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1361 Ridge Avenue, Philadelphia, PA 19123

Address of Defendant: 4387 Swamp Rd., Doylestown, PA 19082; (See attached List of other 4 Defendants' Addresses)

Place of Accident, Incident or Transaction: _____

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes☐   No☒

Does this case involve multidistrict litigation possibilities?        Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Nancy L. Goldstein, Esquire , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: March 28, 2017        _____        40019

Attorney-at-Law        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: March 28, 2017        _____        40019

Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)

# **LIST OF DEFENDANTS**

**ST. CLAIR CONCRETE CO., INC.**
4387 Swamp Road, Doylestown, PA  19082

*County:  Bucks*

and
**ST. CLAIR CONCRETE COMPANY, LLC**
201 Somerset Avenue, Ocean City, NJ 08226

*County: Cape May*

and
**ST. CLAIR CONSTRUCTION GROUP, LLC**
201 Somerset Avenue, Ocean City, NJ 08226

*County: Cape May*

and
**MICHAEL ST. CLAIR**
564 Temperance Lane, Warminster, PA  18974

*County:  Bucks*

and
**JACQUELINE ST. CLAIR**
567 Temperance Lane, Warminster, PA  18974

*County:  Bucks*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| The Laborers' District Council Construction Industry Pension Fund, et al. | : | CIVIL ACTION |
| v. | : | |
| St. Clair Concrete Co., Inc., St. Clair Concrete Company, LLC, St. Clair Construction Group, LLC, Michael St. Clair and Jacqueline St. Clair | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )


| March 28, 2017 | _Nancy Holdst_ | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.564.1100 | 215.564.1102 | nancy.goldstein@mjhillassociates.com |
| | | |
| **Telephone** | **FAX Number** | **E-Mail Address** |


(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
#### (See §1.02 (e) Management Track Definitions of the
#### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THE LABORERS' DISTRICT COUNCIL CONSTRUCTION INDUSTRY PENSION FUND** <br> 1361 Ridge Ave., <br> Philadelphia, PA  19123 <br> and <br> **THE LABORERS' DISTRICT COUNCIL BLDG. AND CONSTRUCTION HEALTH AND WELFARE FUND** <br> 211 North 13th St., 6th Fl., <br> Philadelphia, PA  19107 <br><br> and <br> **THE LABORERS' DISTRICT COUNCIL EDUCATION AND TRAINING FUND** <br> 1361 Ridge Ave., <br> Philadelphia, PA  19123 <br> and <br> **THE LABORERS' DISTRICT COUNCIL PREPAID LEGAL PLAN** <br> 661 North Broad St., <br> Philadelphia, PA  19123 <br> and <br> **THE LABORERS' DISTRICT COUNCIL OF THE METROPOLITAN AREA OF PHILADELPHIA AND VICINITY LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, RYAN BOYER AS TRUSTEE AD LITEM** <br> 665 North Broad St., <br> Philadelphia, PA  19123 <br> and <br> **THE LABORERS' - EMPLOYERS' COOPERATION AND EDUCATION TRUST** <br> 1500 Walnut St., Ste. 1304, <br> Philadelphia, PA  19103 <br> and <br> **LABORERS' DISTRICT COUNCIL LOCAL REGIONAL, AND STATE HEALTH AND SAFETY BENEFIT FUND** <br> 1500 Walnut St., Ste. 1304, <br> Philadelphia, PA 19103 <br> and <br> **GENERAL BUILDING CONTRACTORS' ASSOCIATION** <br> 36 S. 18th Street <br> Philadelphia, PA 19103 <br><br>                                                     **Plaintiffs,** | CIVIL ACTION NO.: |

```
            vs.                              :
ST. CLAIR CONCRETE CO., INC.                 :
4387 Swamp Road                              :
Doylestown, PA  19082                        :
and                                          :
ST. CLAIR CONCRETE COMPANY, LLC              :
201 Somerset Avenue                          :
Ocean City, NJ 08226                         :
and                                          :
ST. CLAIR CONSTRUCTION GROUP, LLC            :
201 Somerset Avenue                          :
Ocean City, NJ 08226                         :
and                                          :
MICHAEL ST. CLAIR                            :
564 Temperance Lane                          :
Warminster, PA  18974                        :
and                                          :
JACQUELINE ST. CLAIR                         :
567 Temperance Lane                          :
Warminster, PA  18974                        :
                          Defendants.  :
```

## COMPLAINT

### I.   Jurisdiction and Venue

1.      This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(a), 1132 and 1145.

2.      A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury of the United States by Certified Mail.

3.      This Court is one of proper venue pursuant to 29 U.S.C. §§ 185(a) or 1132(e).

### II.   Parties

4.      The Laborers' District Council Construction Industry Pension Fund (hereinafter referred to as "Pension Fund") is a trust fund established and maintained pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c)(5), and is an employee benefit plan established and maintained pursuant to §§ 3(1) and (3) of ERISA, 29 U.S.C. §§1002(1) and (3), which is maintained for the purpose of providing pension retirement benefits to eligible participants.  The

Pension Fund qualifies to commence this action under §502(d)(1) of ERISA, 29 U.S.C. §1132(D)(1).

5. Plaintiff, Laborers' District Council Building and Construction Health and Welfare Fund (hereinafter referred to as "Building & Construction Health and Welfare Fund"), is a trust fund established and maintained pursuant to §302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and is an employee benefit plan established and maintained pursuant to §§3(1) and (3) of ERISA, 29 U.S.C. §§1002(1) and (3), which is maintained for the purpose of providing health benefits and other welfare benefits to eligible participants. The Health and Welfare Fund qualifies to commence this action under §502(d)(1) of ERISA, 29 U.S.C. §1132(D)(1).

6. The Laborers' District Council Education and Training Fund (hereinafter referred to as "Training Fund"), is a trust fund established and maintained pursuant to §302(c)(5), of LMRA, 29 U.S.C. §186(c)(5), and is an employee benefit plan established and maintained pursuant to §§3(1) and (3) of ERISA, 29 U.S.C. §1132(d)(1).

7. The Laborers' District Council Prepaid Legal Fund (hereinafter referred to as "Legal Fund"), is a trust fund established and maintained pursuant to §§3(1) and (3) of ERISA, 29 U.S.C. §§1002(1) and (3), which is maintained for the purpose of providing prepaid legal benefits to eligible participants. The Legal Fund qualifies to commence this action under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

8. Plaintiff, Laborers' District Council of the Metropolitan Area of Philadelphia and vicinity, Laborers' International Union of North America (hereinafter referred to as the "Union"), is an unincorporated labor organization engaged in representing employees for the purpose of collective bargaining. Ryan Boyer is Business Manager of the Union and is duly authorized to serve as Trustee Ad Litem for the purpose of these proceedings.

9. Plaintiff, Laborers' - Employers' Cooperation and Education Trust (hereinafter

3

referred to as "LECET"), is a trust fund established and maintained pursuant to §§302(c)(5) of LMRA, 29 U.S.C. §186(c)(5), and is an employee benefit plan established and maintained pursuant to §§3(1) and (3) of ERISA, 29 U.S.C. §1132(d)(1).

10.     Plaintiff Laborers' District Council Local, Regional and State Health and Safety Benefit Fund (hereinafter referred to as "Health and Safety Fund"), is a trust fund established and maintained pursuant to §302(c)(5) of LMRA, 29 U.S.C. §186(c)(5) and is an employee benefit plan established and maintained pursuant to §§3(1) and (3) of ERISA, 29 U.S.C. §§1002(1) and (3), which is maintained for the purpose of providing health and other welfare benefits to eligible participants.  As such, the Health and Safety Fund is qualified to commence this action pursuant to §§502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

11.     Plaintiff, General Building Contractors' Association is a non-profit corporation representing employers in the commercial and institutional construction industry for the purpose of collective bargaining.

12.     Defendant, St. Clair Concrete Company, Inc. (hereinafter referred to as "St Clair Concrete "),  "Employer" or "Defendant") is an employer in affecting commence within the meaning of §§3(5), (11), and (12) of ERISA, 29 U.S.C. §§1002(5), (11) and (12) and Sections (6) and (7) of the National Labor  Relations Act, as amended, 29 U.S.C. §152(2) (6) and (7) (hereinafter referred to as the "N.L.R.A.").

13.     Defendant, St. Clair Concrete, Inc.  is believed to be a corporation authorized to conduct business in the Commonwealth of Pennsylvania.  Defendant maintains a place of business at 4387 Swamp Road, Doylestown, PA. 19082.

14.     Defendant, St. Clair Concrete Company, LLC. (hereinafter referred to as "St Clair Concrete LLC"),  "Employer" or "Defendant") is an employer in affecting commence within the meaning of §§3(5), (11), and (12) of ERISA, 29 U.S.C. §§1002(5), (11) and (12) and Sections (6)

4

and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §152(2) (6) and (7) (hereinafter referred to as the "N.L.R.A.").

15.    Defendant, St. Clair Concrete LLC is believed to be a corporation authorized to conduct business in the Commonwealth of Pennsylvania. Defendant maintains a place of business at 201 Somerset Lane, Ocean City, New Jersey 08226.

16.    Defendant, St. Clair Construction Group, LLC. (hereinafter referred to as "St Clair Construction"), "Employer" or "Defendant") is an employer in affecting commence within the meaning of §§3(5), (11), and (12) of ERISA, 29 U.S.C. §§1002(5), (11) and (12) and Sections (6) and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §152(2) (6) and (7) (hereinafter referred to as the "N.L.R.A.").

17.    Defendant, St. Clair Construction is believed to be a corporation authorized to conduct business in the Commonwealth of Pennsylvania. Defendant maintains a place of business at 201 Somerset Lane, Ocean City, New Jersey 08226.

18.    Defendant, Michael St. Clair is an adult individual who resides at 564 Temperance Lane, Warminster, PA. 18974.

19.    Defendant, Jacqueline St. Clair (aka Jacqueline Woehler) is an adult individual who resides at 564 Temperance Lane, Warminster, PA. 18974.

### III.    Statement of the Claim

20.    At all times relevant hereto, Defendants, St. Clair Concrete Company, Inc. and/or St. Clair Concrete Company, LLC and Plaintiff, Union have been parties to a Collective Bargaining Agreement.

21.    The Defendants, St. Clair Concrete Company, Inc. and/or St. Clair Concrete Company LLC, also signed and/or agreed to abide by the terms of the agreements and declarations of trust of the Plaintiff Funds, as from time to time amended ("Trust Agreements")

5

made between certain employers and employee representatives in an industry (ies) affecting interstate commerce to promote stable and peaceful labor relations.

22.     The Collective Bargaining Agreement contains provisions whereby Defendants, St. Clair Concrete Company, Inc.  and/or St. Clair Concrete Company, LLC, were required to deduct designated amounts for Union working dues and PAC and make designated contributions to the Laborers' District Council Pension Fund, Health and Welfare Fund, Education and Training Fund, Prepaid Legal Fund and Health and Safety Benefit Fund on behalf of all employees covered by the Collective Bargaining Agreement and was required to pay such amounts to the Union and Funds.

23.     Under the Labor Contract or Trust Agreements, Defendants, St. Clair Concrete Company, Inc.  and/or St. Clair Concrete Company, LLC agreed:

> a.     to make full and timely payments on a monthly basis to the Funds, Union and Industry Advancement Program as required by the Labor contracts;
>
> b.     to file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract;
>
> c.     to produce upon request by the Funds, individually or jointly, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and Union; and
>
> d.     to pay liquidated damages and all costs of litigation, including attorney's fees, expended by the Funds and Union to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations described in subparagraphs (a), (b), and (c) above; and
>
> e.     to make payment of interest at the prime lending rate plus two percent on all contributions paid to the Funds after the date upon which they were due.

24.     This action is brought by the fiduciaries of the above Funds pursuant to §502(g)(2), 29 U.S.C. §1132(g)(2) to enforce §515 of ERISA, 29 U.S.C. §1145, pursuant to which the Court is directed require the employer to participate in an accounting of its books and records and to award all unpaid contributions, interest and liquidated damages up to or exceeding twenty percent, reasonable attorney's fees, court costs and any other fees or relief which the Court deems appropriate.

25.     The Funds previously obtained a judgment in the amount of $130,768.71 representing unpaid benefit fund contributions, interest, audit fees and legal fees against Michael St. Clair, Jacqueline St. Clair a/k/a Jacqueline Woehler, M.D. St. Clair and MDSC Concrete Contractor that is filed in the  Bucks County Court of Common Pleas, docket number 2007-1779 and remains unsatisfied.

26.     Defendants, St. Clair Concrete Company, Inc.  and/or St. Clair Concrete Company, LLC and St. Clair Construction Group, LLC. are successors to MD St. Clair Concrete Company and/or MDSC Concrete Contractor.

27.     The current website of St. Clair Concrete Services references the thirty year history of the company.  A printout of the section of the website entitled "About St. Clair Concrete Services" is attached as Exhibit "A" hereto.

28.     Notwithstanding its obligation to do so, Defendants, St. Clair Concrete Company, Inc. and/or St. Clair Concrete Company, LLC have failed and refused to make payments of benefit fund contributions and working dues as required by the collective bargaining agreement.

29.     Under the terms of the Collective Bargaining Agreement, Defendants, St. Clair Concrete Company, Inc.  and/or St. Clair Concrete Company, LLC are contractually obligated to pay interest, audit fees, counsel fees and liquidated damages.

30.     Defendants, St. Clair Concrete Company, Inc.  and/or St. Clair Concrete Company,

LLC have failed to remit benefit fund contributions corresponding to work performed between April 1, 2016 to the present in an unknown amount.

31.     All delinquent contributions and interest payments herein have remained unpaid for more than thirty (30) days beyond the date on which they were due pursuant to the terms of the Collective Bargaining Agreement and Trust Agreements.

32.     This action is brought by the fiduciaries of the above Funds pursuant to §502(g)(2), 29 U.S.C. §1132(g)(2) to enforce §515 of ERISA, 29 U.S.C. §1145, pursuant to which the Court is directed to award all unpaid contributions, interest and liquidated damages up to or exceeding twenty percent, reasonable attorney's fees, court costs and any other fees or relief which the Court deems appropriate.

33.     Under the terms of the Collective Bargaining Agreement, Defendants, St. Clair Concrete Company, Inc. and/or St. Clair Concrete Company, LLC are contractually obligated to pay interest, audit fees, counsel fees and liquidated damages.

34.     Defendant, St. Clair Construction is located on the identical premises where St. Clair Concrete LLC and/or St Clair Concrete Company, Inc. is located, 201 Somerset Lane, Ocean City, New Jersey 08226.

35.     Defendant, St. Clair Construction, shares a website with Defendant, St. Clair Concrete Company and describes St. Clair Concrete Company as a "sister" company to St. Clair Construction.

36.     Defendants, St. Clair Concrete Company, Inc. and/or St. Clair Concrete Company, LLC. and St. Clair Construction, were established to evade responsibilities and liabilities incurred by MDSC Concrete Contractors.

37.     Defendants, Defendants, St. Clair Concrete Company, Inc. and/or St. Clair Concrete Company, LLC. and St. Clair Construction, as successors to MDSC Concrete Contractors

liable for benefit fund contributions of MDSC Concrete Contractors..

38.     Defendant, St. Clair Construction, was established to evade responsibilities and liabilities incurred by St. Clair Concrete LLC and/or St Clair Concrete Company, Inc.

39.     Defendant, St. Clair Construction, as a successor to St. Clair Concrete LLC and/or St Clair Concrete Company, Inc. liable for benefit fund contributions of St. Clair Concrete LLC and/or St Clair Concrete Company, Inc. .

40.     Joseph St. Clair is the owner of Defendant St. Clair Construction, LLC.

41.     Joseph St. Clair signed the collective bargaining agreement for St. Clair Concrete, LLC. A copy of the signature page is attached as Exhibit "B".

42.     The operations of St. Clair Concrete and St. Clair Construction are interrelated and function as a single employer.

43.     Defendant Michael St. Clair and Defendant Jacqueline St. Clair, are husband and wife.

44.     Defendants, Michael St. Clair and Jacqueline St. Clair were the sole officers, directors, principals, shareholders, or otherwise beneficiaries of MDSC Concrete Contractors, formerly a business corporation with a place of business located at 2865 South Eagle Road, Newtown, Pennsylvania 18940, and its predecessor, M.D. St. Clair Concrete Company.

### COUNT I - Breach of Contract - Unpaid Contributions

### Plaintiffs v. Defendants St. Clair Concrete Company, Inc. and St. Clair Concrete Company LLC.

45.     The allegations contained in paragraphs 1 through 44 are incorporated herein by reference as fully as though set forth at length.

46.     Defendants owe the Funds and Union the contributions in the amount of at least $115,768.71 ($130,768.71 reduced by approximately $15,000 paid in satisfaction thereof).

47.     Defendants have not made payments to the Funds and Union as required by the

Labor Contract and/or Trust Agreements and as such, are in violation of §301 of the LMRA, 29 U.S.C. §185(a).

**WHEREFORE,** Plaintiffs ask that the Court:

1. Enter judgment against the Defendants and in favor of the Funds for all unpaid contributions, plus any additional amounts which are found to be owing during the pendency of this litigation, interest and costs and attorneys' fees incurred in this action or in the collection or enforcement of any judgment, as provided in the Labor Contract or Trust Agreements or any amounts which are found to be due and owing during the pendency of this litigation, together with interest at the rate prescribed in 26 U.S.C. §6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

2. Grant such other or further relief, legal or equitable as may be just, necessary or appropriate.

## COUNT II - Breach of Contract - Unpaid Contributions

## Plaintiffs v. Defendant St. Clair Construction, LLC

48. The allegations contained in paragraphs 1 through 41 are incorporated herein by reference as fully as though set forth at length.

49. Defendant, St. Clair Construction is a single employer with Defendants, St. Clair Concrete Company, Inc. and/or St. Clair Concrete Company LLC.

50. Defendant, St. Clair Construction is  a successor to Defendants, St. Clair Concrete Company, Inc. and/or St. Clair Concrete Company LLC.

51. Defendant, St. Clair Construction is  a successor to Defendants, St. Clair Concrete Company, Inc. and/or St. Clair Concrete Company LLC.

52. Defendant, St. Clair Construction  purchased assets of  Defendants, St. Clair Concrete Company, Inc. and/or St. Clair Concrete Company LLC.

53.     Defendant, St. Clair Construction is an alter ego of Defendants, St. Clair Concrete Company, Inc. and/or St. Clair Company LLC.

54.     Upon information and belief, Defendant, St. Clair Construction Group, LLC has utilized the assets, equipment, personnel and goodwill Defendants, St. Clair Concrete Company, Inc. and/or St. Clair Concrete Company LLC and has failed to maintain corporate formalities.

55.     Defendant owes the Funds and Union the contributions in the amount of at least $115,768.71 ($130,768.71 reduced by approximately $15,000 paid in satisfaction thereof).

56.     Defendant has not made payments to the Funds and Union as required by the Labor Contract and/or Trust Agreements and as such, are in violation of §301 of the LMRA, 29 U.S.C. §185(a).

**WHEREFORE,** Plaintiffs ask that the Court:

1.      Enter judgment against the Defendant and in favor of the Funds for all unpaid contributions, plus any additional amounts which are found to be owing during the pendency of this litigation, interest and costs and attorneys' fees incurred in this action or in the collection or enforcement of any judgment, as provided in the Labor Contract or Trust Agreements or any amounts which are found to be due and owing during the pendency of this litigation, together with interest at the rate prescribed in 26 U.S.C. §6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

2.      Grant such other or further relief, legal or equitable as may be just, necessary or appropriate.

## COUNT III - ERISA - Unpaid Contributions

### Fund Plaintiffs v. Defendants, St. Clair Concrete Company, Inc. and St. Clair Concrete Company LLC.

57.     The allegations contained in paragraphs 1 through 56 above are incorporated

herein by reference as fully as though set forth at length.

58.    Defendants have failed to make payment of contributions in violation of 29 U.S.C. §1145 in the amount of $121,860.48.

59.    The Funds have been damaged by Defendant's violation of 29 U.S.C. §1145.

**WHEREFORE,** Plaintiffs ask that the Court:

    1.    Enter judgment against the Defendants, and in favor of the Funds, in the amount of $121,860.48 plus any additional amounts which are found to be owing during the pendency of this litigation, interest and costs and attorneys' fees incurred in this action or in the collection or enforcement of any judgment, as provided in the Labor Contract or Trust Agreements or any amounts which are found to be due and owing during the pendency of this litigation, together with interest at the rate prescribed in 26 U.S.C. §6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated  damages provided by the documents governing the Funds or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

    2.    Grant such other or further relief, legal or equitable as may be just, necessary or appropriate.

### COUNT IV - ERISA - Unpaid Contributions

### Fund Plaintiffs v. Defendants, St. Clair Construction Company LLC.

60.    The allegations contained in paragraphs 1 through 51 above are incorporated herein by reference as fully as though set forth at length.

61.    Defendant has failed to make payment of contributions in violation of 29 U.S.C. §1145 in the amount of $121,860.48.

62.    The Funds have been damaged by Defendant's violation of 29 U.S.C. §1145.

**WHEREFORE,** Plaintiffs ask that the Court:

    1.    Enter judgment against the Defendants, and in favor of the Funds, in the amount of $121,860.48. plus any additional amounts which are found to be owing during the pendency of this litigation, interest

and costs and attorneys' fees incurred in this action or in the collection or enforcement of any judgment, as provided in the Labor Contract or Trust Agreements or any amounts which are found to be due and owing during the pendency of this litigation, together with interest at the rate prescribed in 26 U.S.C. §6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated  damages provided by the documents governing the Funds or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

2.   Grant such other or further relief, legal or equitable as may be just, necessary or appropriate.

## COUNT V - Audit/Accounting

### Plaintiffs v. Defendants St. Clair Concrete Company, Inc. and

### St. Clair Concrete Company LLC.

63.     The allegations of paragraphs 1 through 62 are incorporated herein by reference as if fully restated.

64.     The amount of contributions Defendant is required to pay to the Funds and Union is based upon hours worked and wages paid to the employees performing work covered by the Labor Contract.

65.     The plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendant, Ground Penetration's delinquency for the period October 1, 2014, through and including the present, since the books, records and information necessary to determine such liability are in the exclusive possession, custody, control and knowledge of the Defendant.

66.     Plaintiffs do not have sufficient information at the present time to calculate the amount of any deficiency from April 1, 2016, through the present.

67.     Defendant is required by the Labor Contract, Trust Agreements and/or applicable law to permit the Funds to audit its records and to cooperate with the Funds in determining the amount of contributions due.

68.     Plaintiffs have no adequate remedy at law for the calculation of damages suffered from April 1, 2016 through and including the present as a result of Defendant's breach of its obligations and therefore require an audit.

69.     Accordingly, in addition to seeking an audit to determine contributions owed the Funds, plaintiffs seek access to payroll withholding records from April 1, 2016 through the present to determine the amount of benefit fund contributions owed.

70.     All conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, the Funds and Union plaintiffs ask that the Court:

1.      Enjoin the Defendants, their officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records from April 1, 2016, through the present under the actual or constructive control of the Defendant; and in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due; and

2.      Grant such other and further relief, legal or equitable as may be just, necessary or appropriate.

### COUNT VI- Contributions under Contract After Audit

### <u>All Plaintiffs v. Defendants</u>

71.     The allegations of paragraphs 1 through 70 are incorporated by reference as if fully restated.

72.     Defendant has failed to make contributions to the Funds and Union as required by the Labor Contract or Trust Agreements.

73.     Plaintiffs have been damaged by the failure of Defendants to make contributions as required by its Labor Contract or Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

1.      After an audit, enter judgment against the Defendants and in favor of the plaintiffs individually for the amount of contributions found due and owing by an audit, together with liquidated damages, interest and costs, including reasonable audit fees and attorney's fees incurred in this action or in the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements; and

2.      Grant such other relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT VII Plaintiffs v. Michael St. Clair and Jacqueline St. Clair

74.     Plaintiffs incorporate paragraphs 1 through 73.

75.     From 1989 until the company ceased operations on or about March, 1999, defendant, Michael St. Clair was the President and 100 percent shareholder of MD St. Clair Company, a concrete contractor, that operated at 1082 Taylorsville Road, Washington Crossing, Pennsylvania.

76.     In or about April, 1999, defendants Michael St. Clair and Jacqueline St. Clair formed MDSC Concrete Contractors, a concrete contractor with offices located at 2865 S. Eagle Road, Newtown Square, PA 18940.

77.     MDSC Concrete Contractors was a successor to MD St. Clair Concrete Contractor.

78.     Defendant Jacqueline St. Clair was 100 percent shareholder and President of MDSC Concrete Contractors.

79.     Defendant, Jacqueline St. Clair maintained the books and records for MD St. Clair Concrete Company, Inc. as well as MDSC Concrete Contractors.

80.     Defendants Michael St. Clair and Jacqueline St. Clair operated MDSC Concrete Contractors for their own personal benefit and failed to maintain corporate formalities.

81.     In the prior lawsuit filed by plaintiffs herein against MDSC Concrete Contractors, it was admitted that certain individuals for whom collection of benefit fund contributions were sought by plaintiffs, had performed work on the personal residence of defendants at 250 Lurgan Road, New Hope, Pennsylvania for the personal benefit of defendants notwithstanding the fact that the individuals were paid for their work by MDSC Concrete Contractors.

82.     Upon information and belief, defendants Michael St. Clair and Jacqueline St. Clair failed to maintain other corporate formalities relative to MDSC Concrete Contractors including but not limited to utilizing corporate funds for personal expenditures.

83.     Upon information and belief, defendants depleted the assets of MDSC for their own personal benefit.

84.     Upon information and belief, defendants failed to maintain appropriate separation between personal assets and assets of the corporation, MDSC.

85.     Upon information and belief, defendants diverted corporate assets of MDSC for their own personal benefit.

86.     By virtue of the failure of defendants, Michael St. Clair and Jacqueline St. Clair to maintain corporate formalities, and their fraudulent and self-dealing misconduct, plaintiffs are entitled to pierce the corporate veil of MDSC Concrete Contractors and hold defendants responsible for the unpaid judgment.

**WHEREFORE**, plaintiffs hereby request that this Honorable Court:

1.     Enter judgment in their favor and against the defendants, Michael St. Clair and Jacqueline St. Clair in the amount of $115,768.71; and

2.     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

**MARK J. HILL & ASSOCIATES, P.C.**

By: _____
Nancy L. Goldstein
I.D. No. 40019
Attorney for Plaintiffs

1528 Walnut Street, Suite 2015
Philadelphia, PA  19102
(215) 564-1100
(215) 564-1102 (Facsimile)
E-mail:nancy.goldstein@mjhillassociates.com

Date: March 28, 2017

## CERTIFICATE OF SERVICE

Nancy L. Goldstein, Esquire, hereby certifies that a true and correct copy of the foregoing Complaint has been served as required by §502(h) of the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1132(h) on the date listed herein, upon the following:

**VIA CERTIFIED MAIL:**

> Secretary of the Treasury
> Internal Revenue Service
> 1111 Constitution Avenue, NW
> Washington, D.C. 20024
> Attn. T:EP

and

**VIA EMAIL:**

> Plan Benefits Security Division
> ATTN:  Tim Hauser, Division Coordinator
> U.S. Department of Labor
> 200 Constitution Avenue, N.W.
> Room N4611
> Washington, DC  20010

**MARK J. HILL & ASSOCIATES, P.C.**

By: _____
Nancy L. Goldstein
Attorney for Plaintiffs

Date: March 28, 2017

# EXHIBIT "A"

# St. Clair Concrete Services

(https://stclairconstructiongroupllc.com/)

(https://www.linkedin.com/)

📞 **609-479-2825 (tel:609-479-2825)**

# About St. Clair Concrete Services



St. Clair Concrete, LLC has been serving the industrial and commercial building construction trade in the Philadelphia metropolitan market for over 30 years. St. Clair Concrete has built a reputation committed to providing the best quality and cost effective concrete application product possible to the customer. St. Clair Concrete has established the knowledge, experience and skill sets providing over 3 decades of high rise, parking lots, historic building site pre-post tension, pier, foundation, beam, deck, wall, pilaster, round column, custom texture finish and special architectural applications to the customer.

St. Clair Concrete has taken on the projects that are the most challenging and requiring the industries best practices and people to take on and complete. This type of customer and quality driven focus is what makes St. Clair Concrete the dependable and cost effective provider of concrete construction resources in the market place. We look forward to building a long standing relationship with all of our clients, one that enables SCCG to consistently improve and deliver to our customers and experience that not only meets the project expenditure plan but exceeds their expectation every time. We look forward to providing our services to you some time soon.

## Contact Us

For more information, please contact us through our **web form** (https://stclairconstructiongroupllc.com/contact/) or call us at **609-479-2825**.

# EXHIBIT "B"



S2122

# Laborers' District Council



Laborers' District Council
of the Metropolitan Area of
Philadelphia and Vicinity

165 N  Broad Street
5th Floor
Philadelphia, PA 19123
Tel  215-684-2090
Fax  215-684-0350
Email
    info idc@idc-phila-vic org
Web Site.
    www idc-phila-vic org

Business Manager
    Ryan N  Boyer
Secretary Treasurer
    Samuel Staten  Jr
President
    Daniel L  Woodall  Jr
Vice President.
    Walter  Higgins
Recording Secretary
    James Harper  Jr

_By  N  Boyer_

Laborers  District Council of Metropolitan
Of Philadelphia & Vicinity

ST, CLAiR Concrete t,LC

**NAME OF COMPANY**

**SIGNATURE FOR COMPANY**

4387 W, SWAMP RD,

**ADDRESS**

Joseph ST CLAiR

**PRINTED NAME**

DoyLeSTOWN

**CITY**

PA,

**STATE**

18902

**ZIP**

9/1/15

**DATE**

215-778-6056

**PHONE**

267-988-4774

**FAX**

GENERAL BUILDING 2015 2018

3169



Laborers  International Union
of North America...AFL-CIO

Building Trades Council
of Philadelphia



AVERY. 5160® Easy Peel® Address Labels Go to avery.com/templates
Bend along line to expose Pop-up Edge® Use Avery Template 5160

Secretary of the Treasury
Internal Revenue Service
1111 Constitution Avenue, NW
Washington, D.C. 20224
Attn. T:EP

Secretary of Labor
200 Constitution Avenue
Washington, D.C. 20002
Attn:  Assistant Solicitor For Benefits
Security

Secretary of the Treasury
Internal Revenue Service
1111 Constitution Avenue, NW
Washington, D.C. 20224
Attn. T:EP

Secretary of Labor
200 Constitution Avenue
Washington, D.C. 20002
Attn:  Assistant Solicitor For Benefits
Security

Nancy L. Goldstein, Esquire
Mark J. Hill & Associates, P.C.
1528 Walnut Street, Suite 2015
Philadelphia, Pennsylvania 19102

Nancy L. Goldstein, Esquire
Mark J. Hill & Associates, P.C.
1528 Walnut Street, Suite 2015
Philadelphia, Pennsylvania 19102

Pat: avery.com/patents

Étiquettes d'adresse Easy Peel®
Repliez à la hachure afin de révéler le rebord Pop-up®

Allez à avery.ca/gabarits
Utilisez le Gabarit Avery 5160

Étiquette de format 85 mm x 102 mm compatible avec Avery ®5164/8164



LAW OFFICES
**MARK J. HILL & ASSOCIATES, P.C.**
1528 WALNUT STREET
SUITE 2015
PHILADELPHIA, PA 19102

TO:

Mr. Michael E. Kunz, Clerk of Court
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
Independence Mall West
601 Market Street, Room 2609
Philadelphia, PA  19106-1797

---

LAW OFFICES
**MARK J. HILL & ASSOCIATES, P.C.**
1528 WALNUT STREET
SUITE 2015
PHILADELPHIA, PA 19102

TO:

Secretary of the Treasury
Internal Revenue Service
1111 Constitution Avenue, NW
Washington, D.C. 20224
Attn. T:EP

---

LAW OFFICES
**MARK J. HILL & ASSOCIATES, P.C.**
1528 WALNUT STREET
SUITE 2015
PHILADELPHIA, PA 19102

TO:

Secretary of Labor
200 Constitution Avenue
Washington, D.C. 20002
Attn:  Assistant Solicitor For Benefits Security

---

LAW OFFICES
**MARK J. HILL & ASSOCIATES, P.C.**
1528 WALNUT STREET
SUITE 2015
PHILADELPHIA, PA 19102

TO:

Nancy L. Goldstein, Esquire
Mark J. Hill & Associates, P.C.
1528 Walnut Street, Suite 2015
Philadelphia, Pennsylvania 19102

---

LAW OFFICES
**MARK J. HILL & ASSOCIATES, P.C.**
1528 WALNUT STREET
SUITE 2015
PHILADELPHIA, PA 19102

TO:

---

LAW OFFICES
**MARK J. HILL & ASSOCIATES, P.C.**
1528 WALNUT STREET
SUITE 2015
PHILADELPHIA, PA 19102

TO:





LAW OFFICES
**MARK J. HILL & ASSOCIATES, P.C.**
1528 WALNUT STREET
SUITE 2015
PHILADELPHIA, PA 19102

TO:

    Mr. Michael E. Kunz, Clerk of Court
    United States District Court
    Eastern District of Pennsylvania
    U.S. Courthouse
    Independence Mall West
    601 Market Street, Room 2609
    Philadelphia, PA 19106-1797

LAW OFFICES
**MARK J. HILL & ASSOCIATES, P.C.**
1528 WALNUT STREET
SUITE 2015
PHILADELPHIA, PA 19102

TO:

